GRABER, Circuit Judge,
dissenting:
I respectfully dissent from Part A of the majority’s disposition. In my view, the officers’ warrantless entry into the hogan was not justified by exigent circumstances.
“The Fourth Amendment prohibits police officers from making a warrantless entry into a person’s home, unless the officers have probable cause and are presented with exigent circumstances.” LaLonde v. County of Riverside, 204 F.3d 947, 954 (9th Cir.2000). The government bears a “heavy burden” of proving exigent circumstances. United States v. Licata, 761 F.2d 537, 543 (9th Cir.1985). The panel affirms the district court’s holding that exigent circumstances supported the warrantless entry because the officers reasonably feared for their immediate safety and the safety of others. I disagree.
In no case have we held that officers may enter a home simply because a serious crime has been committed and the perpetrator is located within. The cases cited by the district court differ from this case because each of those cases involved a clear threat to others. See, e.g., United States v. Echegoyen, 799 F.2d 1271, 1278 (9th Cir.1986) (noting that the search was justified by the presence of “a potentially dangerous fire hazard,” which the officers immediately acted to mitigate). Indeed, in United States v. Al-Azzawy, 784 F.2d 890, 894 (9th Cir.1985), the defendant had stated that he possessed illegal explosives and had threatened to blow up a trailer park. Unlike a gun in a hogan in a very remote area, explosives in a residential area more clearly posed a threat to the safety of others — yet we found it a “close question” whether exigent circumstances existed in Al-Azzawy, id. at 894. The facts of this case are much more similar to those in United States v. Gooch, 6 F.3d 673, 679 (9th Cir.1993), where we rejected the existence of exigent circumstances because the *686 threat to others no longer existed by the time the officers arrived.
Here, other than momentary rustling that confirmed that Defendant was present, there simply was no evidence at all suggesting that anyone other than Defendant was inside the hogan, and the officers did not testify that they suspected a second person was present. Nor did the circumstances suggest that anyone else was in the hogan. The area was remote and sparsely populated, the hogan was quite small, and Woodie had told the police that only he and Defendant resided there. Because there was no way out other than the single door, there was no chance of escape or ambush. Because there were no windows, there was no chance that Defendant would shoot at the officers through a window. It is pure speculation that Defendant possibly could have located another victim at night in this remote area, brought the victim into the hogan, and continued to threaten the victim such that rescue by the officers was required. Nor would waiting for a warrant outside the hogan, at a watchful distance, have increased the danger to the persons outside the hogan.[1]
The officers faced a potentially dangerous situation, and their desire to ensure the public’s safety is a laudable goal. But the Fourth Amendment instructs that, when a person retreats to his home and no longer poses a threat of further harm, escape, or destruction of evidence, officers may not — without a warrant — enter the home solely to make an arrest. Because the government has failed to meet its heavy burden of demonstrating exigent circumstances, I would vacate the judgment, reverse the district court’s denial of Defendant’s suppression motion, and remand for further proceedings.

. To the extent that the majority holds that exigent circumstances existed because someone may have been injured inside the hogan, requiring emergency aid, the government waived that argument by not raising it in the district court. O'Guinn v. Lovelock Corr. Ctr., 502 F.3d 1056, 1063 n. 3 (9th Cir.2007). In any event, the argument is not persuasive for the same reasons: It was entirely speculative to think that someone else was in the hogan.